**Robert W. MURRAY, Plaintiff—Appellant,**

**v.**

**ARIZONA DEPARTMENT OF CORRECTIONS; et al., Defendants—Appellees.**

No. 04–17269.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Filed Feb. 22, 2006.

Robert W. Murray, Florence, AZ, pro se.

Kelley J. Morrissey, Office of the Arizona Attorney General, Phoenix, AZ, for Defendants—Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Robert W. Murray appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional claims related to the conditions of his confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under the screening provisions of 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We also review de novo decisions regarding qualified immunity and summary judgment. *Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir.2002). We affirm in part, vacate in part, and remand.

■ In granting summary judgment to defendants Stewart and Marshall, the district court properly concluded that, prior to the district court's decision in *Canadian Coalition Against the Death Penalty v. Ryan,* 269 F.Supp.2d 1199, 1203 (D.Ariz. 2003), defendants reasonably could have believed that the prison's internet policy was constitutional. Accordingly, defendants were entitled to qualified immunity as to Count Two of Murray's amended complaint. *See Sorrels,* 290 F.3d at 969–71.

The district court also properly granted summary judgment as to Count Nine of the amended complaint because a prisoner does not have a constitutional right to a specific prison grievance procedure. *See Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003).

Murray also challenges the district court's earlier order dismissing many of his counts for failure to state a claim. We affirm the dismissal of Counts One, Four, Five, Six, Seven, and Ten for the reasons stated by the district court in its order of November 19, 2002.

■ In Count Three of his amended complaint, Murray alleged a due process violation related to his security classification. The district court dismissed this claim before the Supreme Court's decision in *Wilkinson v. Austin,* 545 U.S. 209, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005), recognizing that a prisoner has a liberty interest in not being placed in a supermax facility. Accordingly, we vacate the dismissal of Count Three and remand for reconsideration in light of new case law.

■ In Count Eight of his amended complaint, Murray alleged that defendants Stewart and Marshall directed subordinates to discriminate against him based on his choice of religion, and that he was not allowed to engage in Sikh religious practices. These allegations appear to state a claim for violation of his right to free exercise of religion. *See Freeman v. Arpaio,* 125 F.3d 732, 736 (9th Cir.1997) ("In order to establish a free exercise violation, [a plaintiff] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests."). Accordingly, we vacate the dismissal of this claim and remand for further proceedings.

In sum, we vacate the district court's judgment as to Counts Three and Eight, and remand for further proceedings as to those claims. We affirm the district court's judgment as to the remaining claims.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

